DUBY *v.* FARMERS' MUTUAL FIRE-INSURANCE CO.

FIRE INSURANCE—CONDITIONS—WAIVER—EVIDENCE.

Plaintiff, a nonresident, applied to defendant company for insurance on a farmhouse, the risk being accepted on condition that all logs and brush be cleared for 100 feet around the building. She gave instructions to her tenant to clear away the rubbish, which he did to some extent. Thereafter the company made an assessment on the policy on the house, and took a new application on the barn located on the premises. It was claimed that a similar condition as to clearing was imposed with reference to the barn. Defendant's agent was at the premises when the barn was insured, and directed clearing within certain limits marked by him around the barn, which was done. The buildings were destroyed by fire, at which time there were some logs and brush within 100 feet of the house; but the fire was not aggravated thereby. *Held,* that such facts warranted a finding that the condition as to clearing had been waived.

Error to Cheboygan; Shepherd, J. Submitted April 24, 1903. (Docket No. 57.) Decided June 30, 1903.

*Assumpsit* by Marie C. Duby against the Farmers' Mutual Fire-Insurance Company of Charlevoix, Emmet, and Cheboygan Counties on a policy of insurance. From a judgment for plaintiff, defendant brings error. Affirmed.

*Frost & Sprague,* for appellant.

*William N. Cross* and *A. W. Shields* (*H. W. Harpster,* of counsel), for appellee.

HOOKER, C. J. The defendant is a mutual fire-insurance company, organized to insure farm buildings in three counties of this State. The plaintiff signed an application for a policy upon her dwelling on September 22, 1898. The premises were not then insurable, for the reason that there was no brick or tile chimney upon the house, as provided by article 4 of the charter of the company, plainly printed in the policy. Below her signature, under the head of "Remarks," was written the following:

"From 12 o'clock m. the 22d day of September, 1898.
"The risk on this house to commence as soon as secretary is notified that chimneys are built, and logs and all brush is cleared 100 feet all around the house."

The undisputed proof shows that this was upon the application when plaintiff signed it. The policy was dated October 10, 1898, and states that plaintiff "has this 22d day of September, 1898, become a member of the company, * * * and is insured," etc. Subsequently the chimney was built, and plaintiff notified the secretary of the fact, who states that he took it for granted that all of the conditions had been fulfilled, and indorsed the fact of receiving said notice on the application of the date of October 18, 1898. At the time the insurance was effected, plaintiff paid $1.50 membership fee and 20 cents premium. An assessment of 62 cents, payable on or before November 1, 1899, was made on this policy. It was paid October 1, 1899, and receipted for October 9, 1899.

On October 7, 1899, an application for insurance on a barn upon the premises reached the office of the company,

upon which plaintiff paid 20 cents premium and 50 cents fees.   Upon this application, under the head of "Remarks," the following appears:

"This application reached the office 10, 7, 99.
                                        "O. T. Booth, Sec.
"Miss Duby has been notified to clear the brush and logs 100 feet from the barn before this risk will take effect, by R. D. Vermilya.
                                        "O. T. Booth, Sec."

It was not shown that this was upon the application when signed.   The insurance on the barn was indorsed on the original policy, in accordance with the usual practice, no new policy being issued.   The house and barn were destroyed by fire in May, 1900, as a result of forest fires.

The defendant contests this cause upon the ground that the policy never became operative by reason of the non-performance of the condition indorsed upon the application, which it claims to be a condition precedent.   The plaintiff's counsel answer with the claim that, if a condition, it was waived by the assessment.   The plaintiff lived at Columbus, Ohio.   She had given instruction to her tenant to clear up this rubbish, and he had done something toward it, if not complied with the requirement.   It is true that notice that it was cleared away was not given to defendant, but the action of the company in making an assessment and in taking a new application on the barn indicated that it was satisfied with what had been done, and was calculated to lead plaintiff to so understand.   Its agent was on the ground and saw the condition of the premises when the barn was built, and the statement of the other agent, Vermilya, that appears on the second application, is denied by the plaintiff.   She also stated that the agent Goodrich, who insured the barn, directed the clearing within limits marked out by him, which was done, and accepted by him as satisfactory.   The finding of fact shows that there were some logs and brush within 100 feet of the house when the fire occurred, but they did not cause nor aggravate the fire.   It was held that the pro-

visions of the application had been waived by the acts of . the defendant and its agents. We think there was testimony upon which such a finding might be based.

The testimony of Ellis as to his willingness to insure the property, if improperly admitted, was error without injury.

The judgment is affirmed.

The other Justices concurred.